FILED
CHARLOTTE, N.C.
SEP - 6 2005
U.S. DISTRICT COURT
W. DIST. OF N.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
NO. 3:05CV346-1-MU

| | |
|---|---|
| RAE LAMAR WIGGINS, a/k/a, ) <br> RAE CARRUTH, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> BONNIE BOYETTE, Supt., ) <br> Nash Correctional Inst., ) <br> ) <br> Respondent. ) | MOTION FOR SUMMARY JUDGMENT <br> AND ANSWER TO PETITION FOR <br> WRIT OF HABEAS CORPUS <br> 28 U.S.C. § 2254 <br> Habeas Rules 5, 11 |

1. <u>Motion</u>. Respondent moves for summary judgment on Petitioner's application for a writ of habeas corpus. As shown by the records and the accompanying brief filed in support of this motion and answer, there is no genuine issue of material fact, which was not properly resolved in the state court proceedings. Therefore, Respondent is entitled to judgment as a matter of law.

2. <u>Response to Allegations</u>. The allegations contained in Petitioner's federal habeas application form Paragraphs 1-11 and 14-17 are not denied; the allegations of Paragraph 12 are denied for the reasons stated in the brief filed in support of this motion and answer, except to the extent they may be admitted therein. Respondent's supporting brief is incorporated by reference as if fully set forth herein. Respondent denies that any of Petitioner's assertions contained in his federal habeas application form or any supporting documents entitle him to a

writ of habeas corpus.

3. <u>Exhaustion</u>. Petitioner has presented the substance of his current federal habeas grounds for relief to the courts of North Carolina as required by 28 U.S.C. § 2254(b)(1)(A).

4. <u>Transcripts</u>. Specific portions of relevant transcript pages are filed herewith. As stated in the motion to require Petitioner to produce a copy of the complete transcripts, also filed herewith, the transcript of Petitioner's three-month trial is voluminous. To the best of the undersigned knowledge, the transcript of the post-conviction motion for appropriate relief (MAR) hearing has not yet been transcribed. As set forth in the above referenced motion, Petitioner, who is represented by competent counsel, should be required to produce a complete copy, for this Court's review, of the pre-trial motions, trial, and post-conviction MAR transcripts. <u>See</u> 28 U.S.C. § 2254(f). Only if Petitioner is unable to provide this Court with a copy of the transcripts, should Respondent be required to do so. <u>See id.</u>

5. <u>Demand for Relief</u>. For the reasons above, as supplemented by the brief filed in support of this motion and answer, Respondent requests Petitioner's application be denied summarily, without further inquiry or argument other than the reply comprehended by 28 U.S.C. §2248.

Case 3:05-cv-00346-GCM   Document 4   Filed 09/06/05   Page 2 of 3

Respectfully submitted, this the 26 day of August, 2005.

ROY COOPER
ATTORNEY GENERAL

*Clarence DelForge*
Clarence J. DelForge, III
Assistant Attorney General
State Bar No. 12925


Mary Carla Hollis
Assistant Attorney General
State Bar No. 25731

N.C. Department of Justice
9001 Mail Service Center
Raleigh, N.C. 27699-9001

(919) 716-6571

-3-

Case 3:05-cv-00346-GCM   Document 4   Filed 09/06/05   Page 3 of 3