IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05CV346-1-MU

| | |
|---|---|
| RAE LAMAR WIGGINS, aka RAE CARRUTH, ) ) Petitioner, ) ) v. ) ) BONNIE BOYETTE, ) ) Respondent. ) ) | **O R D E R** |

**THIS MATTER** comes before the Court upon the Petitioner's Motion for Discovery Under Rule 6, filed November 18, 2005.

On August 3, 2005, Petitioner filed a federal habeas petition with this Court. Among others, Petitioner raised a Batson claim. On August 26, 2005, Respondent filed a Motion for Summary Judgment. On November 18, 2005, Petitioner filed a motion requesting permission to conduct discovery related to his Batson claim. In his motion, Petitioner seeks to obtain: (1) a list of all criminal cases in which the three prosecutors have ever had Batson challenges made against them, and the results of such challenges; (2) a list of all lectures, speeches, articles or papers regarding jury selection in criminal cases the prosecutors have ever presented; (3) a list of all lectures, speeches, articles, or papers the prosecutors have ever attended or read regarding jury selection; (4) a description of any training or instruction in jury selection provided by the district attorney's office; (5) copies of all jury questionnaires used by the prosecutors in Petitioner's case; (6) all notes and written materials regarding jury selection used in Petitioner's case; and (7) copies of all materials relating to the items in (5) and (6) above.

Pursuant to Rule 6(a) of the Rules Governing § 2254 Cases, a prisoner must seek leave of court and demonstrate good cause before he is entitled to any form of discovery in a federal habeas corpus proceeding. Discovery is extremely limited in federal habeas proceedings. See Bracy v. Gramley, 520 U.S. 899, 902-06 (1997). Furthermore, "it is clear that there was no intention to extend to habeas corpus, as a matter of right, the broad discovery provisions . . . of the new [Federal Rules of Civil Procedure]." Harris v. Nelson, 394 U.S. 286, 295 (1969). "Rule 6 does not 'sanction fishing expeditions based on a petitioner's conclusory allegations.' 'Conclusory allegations are not enough to warrant discovery under [Rule 6]; the petitioner must set forth specific allegations of fact." See Williams v. Bagley, 380 F.3d 932, 974 (6th Cir. 2004)(citations omitted). A federal habeas petitioner establishes the requisite good cause for discovery "where specific allegations before the court show reason to believe that petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." Bracy, 520 U.S. at 908-09 (quoting Harris v. Nelson, 394 U.S. 286, 295 (1969)).

Petitioner argues that he requires the requested discovery "to demonstrate the existence and breadth of the violation of his constitutional rights . . . in the selection of his jury." (Pet. Memo. Supporting Mot. Summ. J. at p. 1). Petitioner asserts that the Miller-El, Miller-El II, and Batson, decisions make clear that evidence of a prosecutor's motivation and thought processes as well as his historical approach to jury selection and training practices within a prosecutor's office are relevant to this inquiry and that his discovery requests will shed light on this issue. Petitioner states that this information is exclusively in the control of the Respondent and Petitioner has never had access to this information. (Pet. Memo. Supporting Mot. Summ. J. at p. 3). Finally, Petitioner argues that the United States Supreme Court's remand in Kandies v. Polk,

545 U.S. 1137 (2005) of a Batson claim for reconsideration in light of Miller-El v. Dretke is evidence that the North Carolina state court system has not correctly adhered to the proper guideposts in adjudicating Batson claims.

Respondent responds by asserting that Petitioner has shown no reason to believe that any further development of the facts surrounding Petitioner's Batson. claims will entitle him to federal habeas relief. Respondent argues that Petitioner's basis for his request for discovery is speculative and based upon conclusory allegations. In addition, Respondent argues that Petitioner's request must be denied because Petitioner failed to request this information in state court. Respondent asserts that Petitioner could have, but did not, request this material at his Batson hearing and then he could have introduced such information into evidence or at a minimum proffered the information and placed it in the record for appellate review. Finally, Respondent argues that the Supreme Court's summary remand of a Batson claim in Kandies was nothing more than the remand of a case containing an issue that was pending on review when Miller-El was decided.

As noted by Respondent discovery is extremely limited in the federal habeas context. Here, Petitioner provides no specific allegation whatsoever to support a conclusion that if the facts are fully developed he may be able to demonstrate that he is entitled to relief. This case is wholly different from the situation in Bracy v. Gramley, 520 U.S. 899 (1997), where the petitioner made a specific factual showing in support of his need for further discovery. In Bracy the petitioner pointed to the federal judge's bribery conviction as evidence to support his request for discovery to establish his fair-trial violation claim. Id. at 901-03  Likewise, in Jones v. Wood, 114 F.3d 1002 (9th Cir. 1997), which is cited to by Petitioner, the petitioner presented

additional information concerning another possible suspect in support of his need for discovery.
In contrast, in the instant case Petitioner's broad requests appear to be a fishing expedition for information to support his legal claim. Petitioner provides not a scintilla of evidence to indicate that the prosecutors at issue or the district attorney's office at issue have a history of past discrimination.[1] The mere fact that the prosecutors in Petitioner's case used a disproportionate number of peremptory strikes to remove black jurors is wholly insufficient to establish "good cause" to support his discovery requests. To hold otherwise would to allow every federal habeas petitioner who can satisfy the first prong of the three-part <u>Batson</u> test to conduct broad discovery at the federal level.

In addition, Petitioner does not sufficiently explain his failure to seek this information in state court. While Petitioner asserts this information has never been in his possession he does not, even in reply to the state's argument on this point, explain why this information was not requested in state court. The failure to take action in state court does not justify discovery in federal court. See <u>Keeney v. Tamayo-Reyes</u>, 504 U.S. 1, 9 (1992)("It is hardly a good use of scarce judicial resources to duplicate fact finding in a federal court merely because a petitioner has negligently failed to take advantage of opportunities in state-court proceedings."). Petitioner also asserts that he did not receive an evidentiary hearing on his state post-conviction application. First, it appears from the record that an evidentiary hearing was indeed held with regard to Petitioner's Motion for Appropriate Relief (MAR). Second, the Court fails to see the relevance of this assertion as Petitioner did not raise a <u>Batson</u> claim in his MAR. See <u>State v. Wiggins</u>,

---

[1] The state trial court found that no evidence was presented that any of the prosecutors had any habit of systematically excluding minorities in previous cases. (Ex. 6, Resp. Mot. Summ. J.)

4

2005 WL 857109 (N.C. Super. Mar. 18, 2005)(unpublished).

Finally, the Court notes that a Supreme Court summary remand in light of new Supreme Court precedent hardly stands for the proposition that the remanded claims remanded have merit. Indeed it is not unusual for cases to be remanded from the Supreme Court in light of new precedent. As Petitioner's counsel's law firm was involved in the Kandies case this Court would expect more facts would have been supplied to this Court than the mere fact of the remand itself if such facts existed to support Petitioner's broad assertion.

In conclusion, Petitioner simply fails to establish good cause. Petitioner has not presented any information that causes his discovery request to rise above the level of a fishing expedition. Consequently, the Court will deny Petitioner's Motion for Discovery

**THEREFORE, IT IS HEREBY ORDERED** that:

1) Petitioner's Motion for Discovery Under Rule 6 is **DENIED**: and

2) Petitioner has thirty days in which to file a reply to Respondent's Motion for Summary Judgment.

Signed: February 20, 2008

Graham C. Mullen
United States District Judge