IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05CV346-1-MU

| | |
|---|---|
| RAE LAMAR WIGGINS a/k/a ) | |
| RAE CARRUTH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| BUTCH JACKSON, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Petitioner's Motion for Certificate of Appealability (Doc. No. 36), filed April 1, 2009.

Petitioner seeks to appeal the Court's denial of Claims II and IV of his Petition for Writ of Habeas Corpus (hereinafter "petition") filed pursuant to 28 U.S.C. § 2254. This Court may issue a certificate of appealability (hereinafter "COA"), only if Petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As the United States Supreme Court has stated, "'[w]here a district court has rejected the constitutional claims on the merits, the showing needed to satisfy § 2253(c) is straightforward : The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" See Miller-El v. Cockrell, 537 U.S. 322, 338 (2003)(quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

In Claim II of his federal habeas petition, Petitioner claimed that the North Carolina courts unreasonably applied the harmless error rule of Chapman v. California, 386 U.S. 18

(1967). More specifically, Petitioner claimed that the MAR court did not consider the cumulative impact of the three erroneously admitted pieces of evidence because it considered the court of appeals ruling to be the law of the case. The Court denied the claim on the merits. The Court, however, agrees with Petitioner that reasonable jurists could debate whether Petitioner has stated a valid claim of the denial of a constitutional right. Therefore, Petitioner's application for a COA for Claim II is GRANTED.

In Claim IV of his federal habeas petition, Petitioner argued that the MAR Court's ruling that the holding in <u>Blakely</u> did not apply retroactively to Petitioner's case was an unreasonable application of <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), <u>Ring v. Arizona</u>, 536 U.S. 584 (2002), and <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). In his COA Petitioner asserts that because "it is not yet clear whether the Supreme Court's holding, that under the Fifth Amendment all facts that serve to increase the punishment in excess of a statutory maximum must be proved beyond a reasonable doubt, is retroactive, the Court should grant a Certificate of Appealability on this issue." In order to prevail on his claim in the § 2254 context, however, Petitioner must establish that the MAR court's ruling "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254. As no Supreme Court precedent existed establishing that the holding in <u>Blakely</u> was retroactive, Petitioner failed to state a claim. This Court does not believe that reasonable jurists would debate or disagree with its conclusion that the MAR court's ruling that <u>Blakely</u> did not apply retroactively was not an unreasonable application of established Supreme Court precedent. Therefore, Petitioner's application for a COA for Claim IV is DENIED.

2

Case 3:05-cv-00346-GCM   Document 39   Filed 04/13/09   Page 2 of 3

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Application for a Certificate of Appealability is **GRANTED in part** and **DENIED in part**.

Signed: April 13, 2009

Graham C. Mullen
United States District Judge